IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

VERLARINA RUTH COLLINS,

    *Defendant.*

Case Nos. 15-10188-EFM
17-10061-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Verlarina Ruth Collins' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 24 in Case No. 15-10188 and Doc. 19 in Case No. 17-10061).[1] She seeks early release from prison due to the deterioration of her husband's health and the care of their minor grandchild. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On December 8, 2015, in Case No. 15-10188, Defendant was charged by Indictment with one count of theft of government property, three counts of aggravated identity theft, one count of making a false statement to the government, and nine counts of wire fraud. On December 12,

---

[1] These motions are identical. They are simply filed in both of Defendant's underlying cases.

2016, Defendant and the government entered into a plea agreement. Defendant agreed to plead guilty to Counts 1 and 2 of the indictment—theft of government property in violation of 18 U.S.C. § 641 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

On February 27, 2017, the Court sentenced Defendant to 45 months of imprisonment and three years supervised release. On April 4, 2017, Defendant requested a three-day stay of execution of her surrender date. The Court granted this motion and ordered Defendant to surrender on April 7, 2017. Defendant failed to surrender on that date, and a bench warrant was issued for her arrest on April 10. She was arrested on April 13, 2017.

On April 25, 2017, in Case No. 17-10061, Defendant was charged with one count of failure to surrender for service of sentence in violation of 18 U.S.C. § 3146(a)(2). On June 16, 2017, the parties entered into a plea agreement in which Defendant plead guilty to Count 1 of the Indictment. On September 7, 2017, the Court sentenced Defendant to eight months of imprisonment to run consecutive to Defendant's previous 45-month prison sentence.

On February 20, 2019, Defendant submitted an "Application for Compassionate Release" to the Warden. In this application, she stated that the extraordinary or compelling circumstances that warranted consideration for early release were: (1) an incapacitated spouse and (2) incapacitation of minor child's caregiver. Specifically, Defendant stated that her husband, Mr. Collins, had progressively lost the ability to walk due to a debilitating disease. She stated that he was now dependent on a wheelchair, had a daily nurse help him with bathing and cooking, and the state drove him to his doctor appointments and pain management therapy. Defendant also asserted that Mr. Collins was the sole caregiver of their 13-year old grandson, whom they had taken care of since he was an infant due to the inability of the child's parents to provide and care for him adequately.

On April 3, 2019, the administrative remedy coordinator at Carswell Federal Medical Center received Defendant's request. On April 9, 2019, the Warden denied her request. In this letter, the Warden informed Defendant that she did not meet the criteria for Compassionate Release/Reduction in Sentence because the medical documentation "does not demonstrate that your spouse suffered a serious injury, or debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled." The letter also informed Defendant that she could appeal the denial through the Administrative Remedy Program.

Defendant filed a Reconsideration for Compassionate Release Denial on April 28, 2019. In this letter, she referenced the "First Step Act." She also asked for a chance to obtain her husband's "diagnosed care level" before a decision was made.

On May 13, 2019, the Acting Warden denied Defendant's reconsideration. Specifically, the letter informed Defendant that "after reviewing the provided medical documentation, it did not demonstrate that Mr. Collins "is completely disabled, cannot carry on any self-care, and is totally confined to a bed or chair." The Acting Warden informed Defendant that she did "not meet the criteria for Reduction In Sentence/Compassionate Release based on non-medical circumstance – Incapacitation of a Spouse or Registered Partner." Thus, Defendant's request for administrative remedy was denied. The Acting Warden informed Defendant that she could appeal within 20 days if she was not satisfied with the response.

Defendant filed an Appeal on May 24, 2019, stating that her husband received Medicaid assistance. She also stated that she requested help in obtaining his diagnosed care level via Medicaid. On June 17, 2019, the Regional Director noted that the medical documentation did not demonstrate Mr. Collins' incomplete incapacitation. Thus, Defendant's Appeal was denied

because she did not meet the Reduction in Sentence requirements. Again, the Regional Director stated that Defendant could appeal the decision to the Administrative Remedy Program.

On July 10, 2019, Defendant appealed and stated that her husband's condition was worsening and that he was in an electric wheelchair. On September 19, 2019, the Administrator of National Inmate Appeals acknowledged Defendant's Appeal. This letter noted Defendant's statement that Mr. Collins' medical condition was worsening and that he required assistance with his daily living needs. The Administrator, however, determined that Defendant did not meet the criteria for a reduction in sentence. Specifically, the letter pointed out the requirement to be met: "debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair." Furthermore, the Administrator noted that Defendant's "husband's medical condition does not demonstrate that he is unable to care for himself or that he is totally confined to a bed or chair. Moreover, you have not demonstrated how you are the only available caregiver for your husband, as you state he is receiving Medicaid assistance to aid in his daily activities." Thus, Defendant's Appeal was denied.

Defendant then sent a letter to this Court requesting a compassionate release. A copy of Defendant's letter, along with the accompanying exhibits, was filed by the Clerk's Office on November 6, 2019, in Case Nos. 15-10188 and 17-10061, and designated as a Motion for Compassionate Release. Defendant requests a compassionate release based on the same reasons

asserted above: (1) Mr. Collins' deteriorating health and (2) Mr. Collins' incapacitation affecting the care of their minor grandson.[2]

## II. Analysis

The First Step Act, enacted on December 21, 2018,[3] amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to provide:

> **Modification of an imposed term of imprisonment**. —The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case-
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the facts set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Prior to the First Step Act's enactment, a motion for compassionate release had to be filed by the Director of the Bureau of Prisons ("BOP") and a defendant could not file one with the court.[4] The

---

[2] Fifty-five pages of documents were filed as attachments to Defendant's letter. It is unclear whether all of these documents were previously submitted during the administrative process. The Court notes that it is also unclear as to the order of the documents, but it has attempted to present an accurate timeline of the underlying proceedings.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

[4] *See United States v. Gutierrez*, 2019 WL 2422601, at *1 (D.N.M. 2019) (citation omitted) (noting that before the enactment of the First Step Act, "only the Director of the BOP could file a motion for compassionate release, and that very rarely happened.").

First Step Act changed this requirement and now allows prisoners to bring such motions, provided certain requirements are met.[5]

The United States Sentencing Guideline § 1B1.13, entitled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)," provides that the court may reduce a prisoner's sentence in certain limited circumstances. Factors that the court must consider include (1) the ones "set forth in 18 U.S.C. § 3553(a);" (2) whether "[e]xtraordinary and compelling reasons warrant the reduction;" (3) whether the defendant "is not a danger to the safety of any other person or to the community;" and (4) whether "[t]he reduction is consistent with this policy statement."[6]

The Court notes that United States Sentencing Guideline § 1B1.13 also provides that the request for the reduction in sentence will be "[u]pon motion of the Director of the Bureau of Prisons . . . ." The Sentencing Guidelines have not been updated since the enactment of the First Step Act, which eliminated the requirement that the BOP Director bring the motion.[7] One court noted that the inconsistency between the First Step Act and the Guidelines "leaves district courts in a conundrum" as to how to apply the First Step Act.[8] This same court also noted that "[a] growing number of district courts have concluded this means the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release."[9] Other courts have

---

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] U.S. Sentencing Guideline § 1B1.13.

[7] *See United States v. Brown*, --- F.Supp.3d ---, 2019 WL 4942051, at *2 (S.D. Iowa 2019) (citing cases and noting that "[t]he Sentencing Commission never harmonized its policy statement with the F[irst] S[tep] A[ct].").

[8] *Id.*

[9] *Id.* (citing cases).

determined that without an applicable policy statement, "extraordinary and compelling circumstances" are not limited to the four circumstances in U.S.S.G. § 1B1.13.[10] But courts still look to "U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction."[11]

In this case, Defendant seeks a reduction in sentence based on one of the extraordinary and compelling circumstances listed in the Application Notes of U.S.S.G. § 1B1.13—Family Circumstances. In this Application Note, it provides that an extraordinary or compelling reason may exist for a reduction in sentence due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[12] Defendant relies on both of these circumstances.

Because the First Step Act was only enacted a little over a year ago, there is little case law addressing the standards a district court should employ when reviewing an inmate's request for compassionate release. The BOP, however, "has published a Program Statement to describe the procedures it uses to implement compassionate release/reductions in sentences under Section 3582."[13] In this Program Statement, which was revised on January 17, 2019 (after the enactment

---

[10] *Id.* at *2 (stating that "these courts conclude the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) warrant granting relief.") (quotation marks and citations omitted).

[11] *See United States v. Allen*, 2019 WL 6529113, at *2 (E.D. Wash. 2019) (citation omitted); *see also United States v. Weidenhamer*, 2019 WL 6050264, at *4, n.2 (D. Ariz. 2019) (noting that "[c]ourts disagree whether U.S.S.G. § 1B1.13 is applicable given that it was enacted prior to passage of the amended statute [b]ut even assuming the policy statement is out of date, it provides some useful guidance on the likely meaning of 'extraordinary and compelling reasons.' ") (citation omitted).

[12] U.S. Sentencing Guidelines Manual, § 1B1.13, Application Notes, 1(C)(i)–(ii).

[13] *United States v. Gutierrez*, 2019 WL 2422601, at *3 (D.N.M. 2019) (citing BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1). These standards govern how the BOP

of the First Step Act), there is guidance as to requests based on the incapacitation of a spouse and requests based on the death or incapacitation of the family member caregiver.[14]

"Incapacitation" is defined as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse . . . is completely disabled, meaning that the spouse . . . cannot carry on any self-care and is totally confined to a bed or chair."[15] When evaluating the incapacitation of a spouse, adequate information and documentation should be provided including, but not limited to, a statement and verifiable medical documentation regarding the spouse's incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the spouse, and a statement and documentation regarding the inmate's release plan.[16] With regard to requests based on the incapacitation of the family member caregiver, "incapacitation" is defined as "suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."[17] Information and documentation must be provided showing the incapacitation of the caregiver, that the caregiver is the only family member capable of caring for the child, verifiable documentation that the inmate is the parent of the child, verifiable documentation providing name and age of the child, and a release plan.[18]

---

reviews an inmate's request for reduction in sentence. The Court finds, however, that they provide guidance for courts as well.

[14] BOP Program Statement § 5050.50, at 7-12.

[15] *Id.* at 10.

[16] *Id*. at 10–11.

[17] *Id.* at 7.

[18] *Id*. at 7–8.

In this case, Defendant requests compassionate release alleging that her husband is incapacitated. Yet, Defendant does not demonstrate that her spouse is incapacitated to the extent that he cannot carry on any self-care and is totally confined to a chair. Instead, the records indicate that while Mr. Collins struggles at home and could benefit from some assistance, Mr. Collins has movement around the house with the use of a cane. In addition, the records indicate that a nurse comes daily to help him with certain tasks and "the state" drives him to pain management therapy. Although the Court recognizes that Defendant's spouse appears to have some significant physical limitations, it does not appear that he is incapacitated such that a reduction in sentence is warranted.

Defendant also requests release on the basis that her incapacitated husband is the caregiver of Defendant's 13-year old grandchild. As noted above, the record fails to indicate that Mr. Collins is incapacitated to the extent of rendering him incapable of caring for her grandchild. In addition, the child at issue in this case in Defendant's grandchild. Although Defendant asserts that she and Mr. Collins have taken care of her grandchild since he was an infant, she does not provide supporting documentation that they are the legal guardians of him or supporting documentation that Defendant is the only available caregiver for him.

In sum, Defendant does not demonstrate an extraordinary and compelling circumstance to warrant a reduction in Defendant's sentence.[19]

**IT IS THEREFORE ORDERED** that Defendants' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 24) in Case No. 15-10188 is **DENIED**.

---

[19] Because the Court finds that an extraordinary and compelling circumstance does not exist, it finds it unnecessary to consider the other three factors under United States Sentencing Guideline § 1B1.13.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 19) in Case No. 17-10061 is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of January, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE