IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>VERLARINA RUTH COLLINS,<br><br>*Defendant.* | Case Nos. 15-10188-EFM<br>17-10061-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Verlarina Ruth Collins' Motion for Compassionate Release (Doc. 29 in Case No. 15-10188 and Doc. 24 in Case No. 17-10061). She seeks early release from prison due to having underlying health conditions that make her more susceptible to contracting COVID-19. In addition, she seeks release because of her husband's deteriorating health and incapacitation. For the reasons stated below, the Court grants Defendant's motion.

**I.      Factual and Procedural Background**

On December 8, 2015, in Case No. 15-10188, Defendant was charged by Indictment with one count of theft of government property, three counts of aggravated identity theft, one count of making a false statement to the government, and nine counts of wire fraud. On December 12, 2016, Defendant and the government entered into a plea agreement. Defendant agreed to plead

guilty to Counts 1 and 2 of the indictment—theft of government property in violation of 18 U.S.C. § 641 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

On April 25, 2017, in Case No. 17-10061, Defendant was charged with one count of failure to surrender for service of sentence in violation of 18 U.S.C. § 3146(a)(2). On June 16, 2017, the parties entered into a plea agreement in which Defendant plead guilty to Count 1 of the Indictment. On September 7, 2017, the Court sentenced Defendant to eight months of imprisonment to run consecutive to Defendant's previous 45-month prison sentence.

Defendant previously requested a compassionate release from this Court in late 2019. In that motion, she sought a reduction in sentence based on her husband's deteriorating health and its effect on the care of their minor grandson. The Court denied Defendant's request on January 13, 2020.

Defendant again requests compassionate release based on changing circumstances. She first requests release based on the risk of contracting COVID-19 in prison due to her underlying health conditions of being an insulin-dependent diabetic and having Hepatitis C. She also requests release due to her husband's deteriorating health and incapacitation. Defendant is currently set for release on February 5, 2021, and she is eligible for home confinement on August 29, 2020. The government does not oppose her request.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion

---

[1] *See* Pub. L. No. 115-391, 132 Stat. 5194.

for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[2] The administrative exhaustion requirement is jurisdictional and cannot be waived.[3]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[4] Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[5]

### III.    Analysis

Initially, Defendant satisfies the exhaustion requirement, and the Court has jurisdiction to hear her request. Next, Defendant seeks compassionate release on the extraordinary and compelling circumstance of having an underlying health condition that makes her more susceptible

---

[2] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[3] *See United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan. 2020); *Boyles*, 2020 WL 1819887, at *2.

[4] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[5] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

to contracting COVID-19.  Defendant has Type 2 Diabetes and is insulin-dependent.  She also has Hepatitis C and hypertension.  The Government acknowledges that if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control and Prevention ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, the condition may satisfy the standard of "extraordinary and compelling reasons."[6]  The CDC identifies diabetes as one of the risk factors that places inmates at higher risk of complications from COVID-19.  Thus, Defendant has identified an at-risk underlying health condition.

In addition, COVID-19 cases continue to rise in the facility in which Defendant is incarcerated.  When Defendant first filed her motion for release, there was only one positive case and one death.  As of July 9, 2020, there are 79 positive cases with 500 tests pending result.  In addition, the number of positive cases nearly doubled last week at the facility.  Thus, due to Defendant's diabetes, as well as two other chronic underlying health conditions, that make her more susceptible to contracting COVID-19, the Court finds she presents an extraordinary and compelling circumstance.

Furthermore, one of the other extraordinary and compelling circumstances listed in the Application Notes of U.S.S.G. § 1B1.13 is the "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[7]  Defendant also requests compassionate release alleging that her husband is incapacitated.  Defendant's husband is confined to a wheelchair and is no longer receiving home health services due to being high risk from COVID-19.  This factor also weighs into the Court's

---

[6] *See* Doc. 32 at 6 (citing § 3582(c)(1)(A) and U.S.S.G. § 1B1.13).

[7] U.S.S.G. Manual, § 1B1.13, Application Notes, 1(C)(i)–(ii).

consideration in determining Defendant's suitability for compassionate release based on extraordinary and compelling circumstances.

Finally, the Court considers whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[8] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[9]

The Court will only note a few of these factors. Defendant engaged in theft of property and identity theft. She also failed to self-surrender to begin her prison sentence. The Court does not condone this activity and notes that Defendant engaged in serious fraudulent activity and unlawful conduct for which she should be punished. Yet, the Court notes that these crimes were non-violent, and it does not appear that Defendant poses a danger to the safety of other people in the community if she is released.

In addition, she has served the majority of her prison sentence and only has seven remaining months on it. She is currently eligible for home confinement in one month. Once released, she will remain subject to a two-year term of supervised release. Thus, the Court does not believe that requiring Defendant to remain incarcerated for an additional seven months would advance the goals of sentencing, particularly in light of the COVID-19 pandemic and risk of serious health consequences to Defendant. Accordingly, the Court finds that Defendant's sentence remains significant and serves the sentencing goals enumerated in § 3553(a).

---

[8] 18 U.S.C. § 3582(c)(1).

[9] 18 U.S.C. § 3553(a).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Compassionate Release (Doc. 29) in Case No. 15-10188 is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Compassionate Release (Doc. 24) in Case No. 17-10061 is **GRANTED**.  Defendant's sentence of imprisonment is reduced to time served.

**IT IS FURTHER ORDERED** that the BOP shall immediately release Defendant from FMC Carswell.  Once released, Defendant shall quarantine for a period of 14 days at her residence. In addition, Defendant's two-year term of supervised release shall begin immediately upon her release.

**IT IS SO ORDERED**.

Dated this 14th day of July, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE